Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise consists of powdered talc in bags similar in all material respects to that the subject of *Whittaker, Clark & Daniels, Inc.* v. *United States* (34 C. C. P. A. 164, C. A. D. 360). In accordance with stipulation and following the decision cited it was held that in liquidating the entries the value per ton of 2,240 pounds of talc for classification purposes must be determined on the basis of the total dutiable value of the talc, including the bags, and the official gross landed weight of the talc and the bags, in order to find whether or not the talc comes within the classification of talc valued at not more than $14 per ton, dutiable at the rate of 17½ percent ad valorem, rather than as talc valued at more than that amount, dutiable at 35 percent ad valorem. The collector was directed to reliquidate the entries, determine the rate of duty applicable to said merchandise, and make refund accordingly.

BEFORE THE SECOND DIVISION, OCTOBER 29, 1947

**No. 51980.**—F. Schumacher & Co. et al. v. United States, protests 54249-K, etc. (New York).

Opinion by KINCHELOE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51981.**—Artistic Weaving Co. et al. v. United States, protests 87505-K, etc. (New York).

Opinion by KINCHELOE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51982.**—Kelbert Watch Co. et al. v. United States, protests 131341-K, etc. (New York).

Opinion by LAWRENCE, J. The protests were dismissed.

**No. 51983.**—Gotham Watch Co., Inc., et al. v. United States, protests 131869-K, etc. (New York).

Opinion by LAWRENCE, J. The protests were dismissed.

BEFORE THE THIRD DIVISION, OCTOBER 29, 1947

**No. 51984.**—Folkard & Lawrence, Inc., et al. v. United States, protests 54446-K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In

accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

No. 51985.—Rogers Peet Co. v. United States, protests 63291–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in John Barr v. United States (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See John Barr v. United States, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

No. 51986.—R. H. Macy & Co., Inc. v. United States, protests 72505–K, etc. (New York),

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise consists of earthenware articles the same in all material respects as those passed upon in Copeland & Thomson, Inc. v. United States (12 Cust. Ct. 85, C. D. 833) and Johnson Bros. v. United States (15 id. 113, C. D. 955). In accordance therewith the merchandise was held dutiable as claimed.

No. 51987.—Edward I. Petow & Son v. United States, protests 107904–K, etc. (Portland, Maine).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise consists of fish scales similar in all material respects to those the subject of United States v. Edward I. Petow & Son (34 C. C. P. A. 55, C. A. D. 343). In accordance with stipulation and following the decision cited the claim for free entry under paragraph 1677 was sustained.

No. 51988.—Mearl Corp. v. United States, protests 120513–K, etc. (Portland, Maine).